Ella H. Davis et al, Executor of Will of George Perrin Davis, Deceased

*v.*

State of Illinois.

*Opinion filed September 20, 1920.*

Inheritance Tax—*Federal Tax should be first deducted.* The Federal Tax should be first deducted before the State Tax is assessed.

Same—*when claimant entitled to a refund.* Where an inheritance tax has been assessed, and paid under protest, without first deducting the Federal Tax, and afterwards upon proceedings before the County Judge, the assessment was modified, and it was found that the tax was erroneously paid, the claimant is entitled to a refund of the excess.

. Court of Review—*Court of Claims not a Court of Review.* The Court of Claims is not a Court of Review, and the findings of the County Court are conclusive and binding upon this Court, unless reversed or modified.

Edward J. Brundage, Attorney General, for State.

The claimants in their declaration show that George Perrin Davis of McLean County died January 10, 1917, owning property at the time of his death subject to the payment of inheritance tax to the State of Illinois.

The will was duly probated and executors duly qualified. The appraisement was made and reported to the Court and approved and an order entered fixing the amount of the inheritance tax without first deducting the federal tax which was $47,163.71.

The executors having paid to the State the inheritance tax on the total amount including amount of federal taxes resulted in them paying $879.86 more than required by law.

The facts are stipulated and no other evidence introduced. It is shown that the Court approved the order of assessment upon the above basis over the protest of claimant.

That in order to save same interest claimant paid the entire tax under protest.

At that time the Pasfield case was pending in the Supreme Court, and awaiting the opinion in that case some correspondence took place between the claimants counsel and the Attorney General, about this tax.

This excess evidently was erroneously paid, but paid under protest.

Later the claimants filed petition with the County Judge to modify its order on the assessment, and a hearing was had thereon in which the State appeared by its attorneys and the issues were tried without questioning the Court's right or jurisdiction to adjudicate the matter

and the Court made an order modifying its former order, to make it conform to the law.

The Court further found that the claimant had actually erroneously paid $879.85, and that same should be refunded to claimants.

Claimants also claimed interest of 5% making $925.86 but the interest was not allowed.

No appeal was taken from the order approving the appraisers report, but the same judge later modified its order in which proceedings, the State appeared and represented the interest of the State. Demand seems to have been made on the County Treasurer and State Treasurer with a view of proceeding to collect the amount so erroneously paid.

Without discussing the technicalities in the precedence it is evident that the claimants erroneously under protest paid $879.88 more than they were legally required to do, and just before the opinion was announced in the case of *People* v. *Pasfield,* 288 Ill. Sup. Comp. page 450.

Whether the procedure in the County Court by judge was exactly proper or not, the State was represented at the various steps taken to determine the proper amount assessable, and the County Courts finding same to be right and equitable. This Court not being a Court of review it will hold that proceedings in the County Court are conclusive and accordingly find that claimant is entitled to a refund of eight hundred seventy-nine and 86/100 dollars and recommends the payment of same by the State.